IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JONI CHAIN, INDIVIDUALLY**
**OR ON BEHALF OF MINOR D.S.,**

                **Plaintiff,**

      v.                                                                              **CASE NO. 25-3118-JWL**

**WICHITA POLICE DEPARTMENT,**
**ET AL.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a pro se action brought by Joni Chain on June 18, 2025. The complaint names as Defendants the Wichita Police Department; Patrick Mulloy; Phillip Bergen; Rodrigo Carillo; Vanessa N. Minks; Darren M. Hicks; Megan L. Cooley; David Rothell; Faustino M. Naldoza, III; Jaclyn Melillo; James S. Hook; Juan Solorzano-Salazar; Kevin M. Dykstra; and Matthew Fisher. (Doc. 1, p. 1-2; *see also* Doc. 1-1.) Because Ms. Chain proceeds pro se, the Court liberally construes the documents she has filed, but it will not construct arguments on her behalf. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Liberally construed, the pro se complaint and the attachment to it asserts that an officer of the Wichita Police Department, whom Ms. Chain does not identify by name, came to Ms. Chain's home and put his foot in the door, refusing to move until Ms. Chain and her child or children—including her minor child, D.S.—came outside. (Doc. 1, p. 3.) The officer did not advise D.S. of his or her *Miranda* rights and told D.S. that there was no reason to lie. *Id.* D.S. was arrested, put into handcuffs, and transported to another location, where Ms. Chain alleges police obtained an

1

illegal confession from D.S. outside of the presence of Ms. Chain or an attorney. *Id.* Ms. Chain was unable to locate D.S. *Id.*

Ms. Chain alleges forced entry, harassment, intimidation, and the illegal arrest, detention, and interrogation of D.S. *Id.* at 3-4. As relief, she seeks the release of D.S. and at least $650,000.00 in damages. *Id.* To the complaint, Ms. Chain has attached one page that appears to be an excerpt from a charging document, asserting that on June 10, 2025, an unnamed juvenile committed aggravated assault and criminal threat. (Doc. 1-1.) With her complaint, Ms. Chain filed a motion for leave to proceed in forma pauperis, meaning without payment of the otherwise required filing fees; a motion to appoint counsel; and a motion for leave to conventionally file video footage. (Docs. 3, 4, and 5.) The Court has reviewed the documents filed by Ms. Chain and concludes that additional information is required for this matter to proceed.

## Nature of the Proceeding

First, the Court must understand the claims Ms. Chain seeks to bring and whether this case is intended to be a civil rights action or a habeas action. This case was opened as a civil rights action because Ms. Chain filed a civil complaint as her pleading and not a petition for writ of habeas corpus. (Doc. 1.) But the relief she seeks includes the immediate release of D.S., and release is available in this Court only through a petition for writ of habeas corpus. A petition for writ of habeas corpus is a state prisoner's sole avenue to challenge in federal court the fact or duration of present physical confinement and to seek immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997). The Court could liberally construe the complaint as a petition for writ of habeas corpus, but Ms. Chain also seeks money damages as relief, and money damages are not available in a federal habeas action.

It is important for the Court to determine whether Ms. Chain intends, via this case, to bring a habeas claim or a civil rights claim. As noted above, the relief available in each type of case differs. So, too, does the amount of the filing fee. Ms. Chain has filed a motion to proceed in forma pauperis, which requires the Court to consider Ms. Chain's ability to pay the filing fee. In order to do so, the Court must know whether it is considering Ms. Chain's ability to pay the $5.00 filing fee for a petition for writ of habeas corpus or the $405.00 filing fee for a civil rights action. Thus, Ms. Chain will be granted time in which to clarify the type of case she seeks to bring and the Court will defer ruling on the motion for leave to proceed in forma pauperis until the question is resolved.

In addition to determining the type of suit Ms. Chain wishes to pursue, the Court requires additional information to determine whether it has jurisdiction to consider the claims made in the complaint and whether Ms. Chain has standing to bring those claims.

### *Jurisdiction*

In the portion of the complaint form for establishing jurisdiction, Ms. Chain first asserts that jurisdiction exists because of diversity of citizenship and the amount in controversy. *Id.* at 2. "Diversity jurisdiction," as it is called, refers to the statutory authority of federal district courts to exercise jurisdiction over certain cases between citizens of different states. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing 28 U.S.C. § 1332(a)(1). As the party invoking diversity jurisdiction, Ms. Chain bears the burden to prove its existence. *See Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516, 532 (10th Cir. 2022). "But such diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state." *Middleton*, 749 F.3d at 1200. The information in the complaint now before the Court reflects that all Defendants and both purported Plaintiffs are citizens of Kansas. Thus, diversity jurisdiction does not exist here.

Ms. Chain also asserts that jurisdiction exists under 18 U.S.C. § 1343. (Doc. 1, p. 3.) That

3

statute states that federal

> district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

28 U.S.C. § 1343.

Congress has created a private right of action for individuals who are deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. *See* 42 U.S.C. § 1983. And the references in the complaint now before this Court to "unlawful detention," "unlawful arrest," and "forced entry" could be construed as Fourth Amendment claims being pursued under 42 U.S.C. § 1983. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV.

The legal and factual bases for Ms. Chain seeking relief on claims of "harassment" and "intimidation," however, remain unclear. Thus, this Court is without sufficient information to determine whether those claims could properly be brought under § 1983.

On the other hand, Ms. Chain also seeks D.S.'s release from state custody based on allegations that the custody is illegal, which is more properly brought in this Court via a federal habeas action. If this matter is liberally construed as seeking federal habeas relief, jurisdiction must be established under one of the two federal habeas statutes that apply to state prisoners: 28 U.S.C. § 2241 and 28 U.S.C. § 2254.

Generally speaking, a habeas petition under § 2241 is "'used to attack the execution of a

sentence," *see Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019), or to seek discharge from unconstitutional pretrial detention or to compel the state to bring him or her to trial, *see Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (unpublished). In contrast, to obtain habeas corpus relief under 28 U.S.C. § 2254, a petitioner must demonstrate that he or she is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Thus, when a state prisoner seeks habeas relief in federal court under § 2254, "a federal court is limited to deciding whether a *conviction* violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted and emphasis added).

The complaint currently before the Court indicates that D.S. is in pretrial detention (Doc. 1, p. 3), but it also states that D.S. was "convicted," *id.* at 4. In her response to this order, Ms. Chain must clarify for the Court the status of the state-court proceedings against D.S. Is D.S. in pretrial detention? Has D.S. been convicted of a crime or adjudicated as a juvenile offender? Without this information, the Court cannot determine which federal habeas statute controls.[1]

### *Standing*

Determining the nature of the claims being brought in this case is important because it implicates standing. "It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). Article III of the

---

[1] The Court also notes that federal courts generally abstain from granting habeas relief to state prisoners before all grounds for relief have been fairly presented to the state appellate courts and the petitioner's conviction is final. *See Younger v. Harris*, 401 U.S. 37 (1971) (recognizing federal courts' power to enjoin state-court proceedings but identifying conditions under which federal courts must abstain from exercising that power); *Ex Parte Royall*, 117 U.S. 241 (1886) (recognizing jurisdiction of federal courts to discharge a state-court pretrial detainee whose detention is unconstitutional but concluding that this power should not be exercised except in very limited circumstances); 28 U.S.C. § 2254(b)(1) (requiring exhaustion of state remedies except in specific circumstances).

United States Constitution gives this Court jurisdiction "only over 'cases and controversies.'" *Id.* at 154-55. In general, to establish Article III standing, "a litigant first must clearly demonstrate that he [or she] has suffered an 'injury in fact'"; second, must show that the injury "'fairly can be traced to the challenged action'[; and third, must show that the injury] 'is likely to be redressed by a favorable decision.'" *Id.* at 155 (citations omitted).

In this case, there is confusion over the identify of the plaintiffs. In the caption of the complaint she filed, Ms. Chain identified the plaintiffs as herself and her minor child, D.S., but the motions filed simultaneously with the complaint list only Ms. Chain as a plaintiff. The majority of the claims in the complaint appear to relate to the allegedly illegal acts that occurred during the arrest and detention of D.S. and may be intended to assert Fourth Amendment violations. But "Fourth Amendment rights are personal and cannot be asserted vicariously." *Lowther v. Children Youth & Fam. Dept.*, 101 F.4th 742, 754 & n.6 (10th Cir. 2024) (stating that certain Fourth Amendment claims could be asserted "only by the children" and not by their parents in a civil rights suit).

The only claim in the complaint that appears to allege an injury in fact to Ms. Chain that could be construed as a Fourth Amendment claim is the allegation that an officer put a foot in the door of Ms. Chain's home. The claims related to D.S.'s arrest, detention, and interrogation may only be brought by D.S. Thus, to the extent that Ms. Chain seeks to bring claims on behalf of D.S. based on the violations of D.S.'s rights, a traditional analysis of Article III standing on the factors set forth above shows that she lacks standing to do so. As noted above, however, D.S. is a minor.

Rule 17 of the Federal Rules of Civil Procedure provides:

**(c) Minor or Incompetent Person.**

    **(1) *With a Representative.*** The following representatives may sue or defend on behalf of a minor or an incompetent person:

>> (A) a general guardian;
>>
>> (B) a committee;
>>
>> (C) a conservator; or
>>
>> (D) a like fiduciary.
>
> **(2) *Without a Representative.*** A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Even assuming solely for the sake of argument[2] that Ms. Chain is permitted by Rule 17(c) to sue on behalf of D.S., Ms. Chain may be required to obtain counsel in order to do so. The Tenth Circuit has long held that, generally speaking, "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Thus, to the extent that Ms. Chain wishes to pursue D.S.'s claims in this matter, she must obtain counsel and that counsel must enter his or her appearance in this case.

Ms. Chain has filed a motion to appoint counsel to represent her in this case. (Doc. 4.) There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having

---

[2] The Court defers final resolution of whether Ms. Chain is able to proceed as D.S.'s representative under Rule 17(c).

counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that because neither the nature of the claims nor the identity of the actual party or parties in interest is clear, the appointment of counsel for Ms. Chain is not warranted at this time. Thus, the Court will deny the motion without prejudice to refiling.

The Court emphasizes that a "threshold inquiry into standing 'in no way depends on the merits of the . . . contention that particular conduct is illegal.'" *See Whitmore*, 495 U.S. at 155. The Court's need for more information to proceed in this case does not speak to the merit of the underlying claims. In other words, before getting to the point in this matter where the merits of the claims will be considered, the Court must determine the type of case Ms. Chain seeks to bring, whether this Court has jurisdiction over the case, and whether Ms. Chain has standing to bring the claims in the case.

### *Conclusion*

In summary, this matter cannot proceed until and unless Ms. Chain provides additional information. Accordingly, Ms. Chain will be granted time in which to inform the Court, in writing:

1. Whether she intends in this matter to pursue claims of violations of her rights, D.S.'s rights, or both;

2. Whether she seeks relief under 28 U.S.C. § 2241, 28 U.S.C. § 2254, 42 U.S.C. § 1983, or another statute, which she must identify;

3. The status of any criminal proceedings or proceedings under the revised Kansas juvenile justice code, K.S.A. 38-2301, *et seq.*, involving D.S.; and

4. Whether D.S. is currently in state custody.

In addition, to the extent that Ms. Chain wishes to bring claims on behalf of D.S. for the violation of D.S.'s rights, she should inform the Court whether she has obtained counsel to represent D.S. or any steps she has taken to obtain such counsel.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (Doc. 4) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff Joni Chain is granted until and including July 23, 2025, in which to provide to the Court, in writing, the information requested in this order. If Plaintiff fails to timely provide the information, this matter may be dismissed without prejudice and without further prior notice to her.

**IT IS SO ORDERED.**

DATED: This 23rd day of June, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge