IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JONI CHAIN, INDIVIDUALLY
OR ON BEHALF OF MINOR D.S.,**

                **Plaintiff,**

      v.                                                      **CASE NO. 25-3118-JWL**

**WICHITA POLICE DEPARTMENT,
ET AL.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is a pro se action brought by Joni Chain on June 18, 2025. On June 23, 2025, the Court issued a memorandum and order (M&O) directing Ms. Chain to inform the Court:

1. Whether she seeks relief under 28 U.S.C. § 2241, 28 U.S.C. § 2254, 42 U.S.C. § 1983, or another statute, which she must identify;

2. The status of any criminal proceedings or proceedings under the revised Kansas juvenile justice code, K.S.A. 38-2301, *et seq.*, involving D.S.; and

3. Whether D.S. is currently in state custody.

(Doc. 6, p. 8-9.) In addition, the M&O ordered: "[T]o the extent that Ms. Chain wishes to bring claims on behalf of D.S. for the violation of D.S.'s rights, she should inform the Court whether she has obtained counsel to represent D.S. or any steps she has taken to obtain such counsel." *Id.* at 9.

Ms. Chain timely filed her response to the M&O. (Doc. 7.) She states that she intends to seek relief both on her own behalf and on behalf of her minor son, D.S. *Id.* at 1. She further clarifies that she is bringing both (1) habeas claims under 28 U.S.C. §§ 2241 and 2254 on D.S.' behalf and (2) civil rights claims under 42 U.S.C. § 1983 on D.S.' behalf and on her own behalf. *Id.* Ms. Chain

1

seeks D.S.' release from state custody, the dismissal of all charges for which D.S. has been alleged to be a juvenile offender, and $650,000.00. *Id.* Ms. Chain provides the names of individuals she identifies as witnesses to the events that led to this lawsuit, and she renews her request for appointment of counsel. *Id.*. Finally, Ms. Chain asks the Court to either waive the $405.00 filing fee for a civil rights action and the $5.00 filing fee for a habeas action or "put [the fees] in lawsuit relief [*sic*]." *Id.*

Ms. Chain has the right to proceed pro se in this action on a claim that her own rights were violated. But as explained in the M&O, she must obtain counsel if she wishes to pursue relief on behalf of D.S. for the alleged violation of D.S.' rights. (Doc. 6, p. 7.)  Addressing a motion to appoint counsel that Ms. Chain filed with the initial pleading in this case, the M&O stated:

> There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

*Id.* at 7-8. After identifying the relevant factors that were considered, the M&O concluded that appointment of counsel in this case was not warranted "because neither the nature of the claims nor the identity of the actual party or parties in interest is clear." *Id.* at 8. Moreover, the M&O pointed out that federal courts such as this one generally must abstain from interference in ongoing state proceedings such as D.S.' juvenile justice case. *Id.* at p. 5 & n.1 (citing *Younger v. Harris*, 401 U.S. 37, 46 (1971), and *Ex parte Royall*, 117 U.S. 241 (1886)).

Even liberally construing the pro se response to the M&O, it does not contain any information that persuades the Court that appointment of counsel is required in this case. Because

"'a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney,'" the M&O ordered Ms. Claim to either retain counsel to pursue D.S.' claims or provide information regarding her efforts to do so. (Doc. 6, p. 7 (quoting *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).) No counsel has entered an appearance in this case, nor does the response include information about Ms. Chain's efforts to obtain counsel.

Ms. Chain will be granted an additional 30 days in which to obtain counsel[1] and have counsel enter his or her appearance in this case. If no appearance by counsel is entered by this deadline, the claims brought on D.S.' behalf or that are based on violations of D.S.' rights will be dismissed without prejudice and the only claim or claims that will proceed in this case are those brought by Ms. Chain that allege the violation of her own rights. The Court defers ruling on the motion for leave to proceed in forma pauperis (Doc. 3) until the scope of this case is resolved.

**IT IS THEREFORE ORDERED** that Plaintiff Joni Chain is granted until and including August 28, 2025, in which to retain an attorney to provide legal representation on the claims in this matter that are based on the alleged violation of D.S.' rights. If counsel does not enter an appearance in this matter on or before August 28, 2025, D.S. and all claims based on the alleged violations of D.S.' rights will be subject to dismissal without further prior notice.

**IT IS SO ORDERED.**

DATED:  This 28th day of July, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

---

[1] Resources related to obtaining counsel can be found on the Court's website at www.ksd.uscourts.gov/find-lawyer.